IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RYAN A. SOPHA and
A & A ENVIRONMENTAL SERVICES, INC.,

    Plaintiffs,                                  OPINION and ORDER

    v.                                          24-cv-207-wmc

UNITED STATES OCCUPATIONAL SAFETY
AND HEALTH ADMINISTRATION, ANN GREVENKAMP,
JANE ROE and UNITED STATES OF AMERICA,

    Defendants.
_____

Plaintiff A&A Environmental Services, Inc. and Ryan A. Sopha filed this lawsuit claiming that defendants United States, United States Occupational Safety and Health Administration ("OSHA"), and various OSHA officials denied their right to equal protection and engaged in defamation, malicious prosecution, and abuse of process against them. Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion and A&A Environmental Services's lack of legal representation. Even accepting the allegations in the complaint as true, Sopha's claims are precluded by past litigation. Regardless, without appearing through counsel, A&A Environmental Services's claim cannot proceed. Accordingly, the court will grant defendants' motion and plaintiffs' claims will be dismissed.

ALLEGATIONS OF FACT[1]

Plaintiff Ryan Sopha is the sole shareholder, owner, and employee of A&A Environmental Services, Inc. ("A&A Services"). Plaintiff Sopha's father, Kim A. Sopha, is the sole owner of A&A Environmental, Inc. ("A&A Environmental"). Although both companies are located in Poynette, Wisconsin, and provide environmental remediation services, they apparently operate as separate entities without common ownership or joint venture.

On April 19, 2016, employees of A&A Environmental were removing asbestos from a property in New Glarus, Wisconsin. While working, five employees reported feeling ill, leading to concerns that they were experiencing carbon monoxide poisoning. The next day, OSHA began investigating the incident, which resulted in the issuance of a citation and notification of penalty on October 19, 2016. However, the citation was served on A&A Services, not A&A Environmental.

Signed by defendant Grevenkamp on behalf of OSHA, the citation purported to impose penalties worth $243,716.00 on A&A Services and resulted in a press release accusing A&A Services of willfully exposing its employees to carbon monoxide and asbestos hazards. The citation also directed A&A Services to attend an informal conference with OSHA on November 2, 2016. At the conference, plaintiff Sopha alleges that he demonstrated A&A Environmental, not A&A Services, was the party responsible for the incident on November 19, 2016, but OSHA refused to dismiss or amend the citation.

Approximately one week after the informal conference, plaintiffs filed a "Notice of Contest." Then, on December 16, 2016, OSHA suspended the proceedings against A&A

---

[1] The following allegations are drawn from plaintiffs' complaint and accepted as true for purposes of resolving defendants' pending motion to dismiss. *McCray v. Wilkie*, 966 F.3d 616, 618 (7th Cir. 2020).

2

Services, prompting A&A Services to file a motion to dismiss the citation and enforcement action. On April 12, 2017, OSHA denied that motion but ordered the expungement of all records pertaining to the enforcement action. Despite the order, however, the citation and press release were allegedly reposted on an OSHA website in March of 2021.

OPINION

Plaintiffs' complaint asserts the following three claims: (1) malicious prosecution and abuse of process against defendants Grevenkamp, Roe, and Doe; (2) defamation against defendants Grevenkamp, Roe, and Doe; and (3) denial of equal protection against defendants OSHA, Grevenkamp, Roe, and Doe. Defendants have moved to dismiss the plaintiffs' claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege facts that plausibly lead to a claim upon which relief could be granted. *Gogos v. AMS Mech. Sys.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (complaint may not be barred by claim preclusion). After review, the court concludes that defendants' motion must be granted.

I. **A&A's Lack of Counsel**

As an initial matter, plaintiff A&A Services's claims are barred outright by a lack of legal representation. When bringing a claim in federal court, the general rule is that individuals "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. However, "their own cases" refers only to cases involving a party's individual capacity. *Georgakis*

*v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013).  In contrast, corporate entities must be represented by a licensed attorney to appear in federal court.  *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("corporations must appear by counsel or not at all"); *Strong Delivery Ministry Assoc. v. Bd. of Appeals*, 542 F.2d 32, 34 (7th Cir. 1976) (per curiam) (recognizing an individual's right to represent themselves *pro se* "has never been enlarged to permit the individual to act in behalf of or as an agent for a party corporation").

Plaintiff Sopha was made aware of this requirement during a telephonic scheduling conference on September 18, 2024.  Specifically, the court advised that without an appearance by counsel, "[A&A Services] may be dismissed from the case." (Text Only Order (dkt. #16).) Despite plaintiff Sopha's apparent intention and efforts to obtain counsel, as well as a court-imposed deadline to do so by February 3, 2025, A&A Services *still* lacks representation. Accordingly, A&A Services's lack of legal representation renders any of its claims not properly before the court and must be dismissed.

II.     **Claim Preclusion**

The remaining claims brought by plaintiff Sopha fair no better, but for a different reason.  "Claim preclusion" is a legal doctrine intended to foster predictability and eliminate redundant litigation by prohibiting claims that were, or could have been, brought in a previous action from being renewed in a new lawsuit.  *Bell*, 829 F.3d at 706, 708.  Preclusion works as a bar to suit if a claim satisfies the following three elements: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits."

4

*Id.* at 706 (citation modified) (quoting *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997)).  Since plaintiff Sopha's claims meet all three of these elements, his current suit is also barred from proceeding further.

*First,* an identity of the causes of action is satisfied if a party's current claims are "based on the same, or nearly the same, factual allegations[,]" of those in a previous suit.  *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (alteration in original).  Here, plaintiff's claims are based on the same set of facts as those in a 2020 lawsuit involving the same plaintiffs and defendants. (Complaint (dkt. #1) 1–3, *A&A Env't Servs., Inc. v. United States,* No. 20-cv-803-bbc (W.D. Wis. Aug. 31, 2021) (*Sopha I*); *see also* Order on Motion to Substitute Party (dkt. #21) 1, *A&A Env't Servs., Inc. v. United States,* No. 20-cv-803-bbc (W.D. Wis. Nov. 13, 2021) (granting defendants' motion to substitute the United States as the sole defendant in regard to plaintiffs' first and second claims).)

In *Sopha I*, the same plaintiffs accused the United States of engaging in malicious prosecution by issuing the same October 19, 2016, citation and notification of penalty to the wrong entity, as well as continuing to seek enforcement after discovering that A&A Services was not the responsible party.  *Id.* at 2–3.  The same plaintiffs also claimed the United States violated their rights to equal protection by continuing to enforce the citation against A&A Services after discovering that it was not the responsible party.  (*Sopha I*, Complaint at 2 & 6 (claiming that "[o]ther persons engaged in business in Wisconsin in 2016 who had not violated the Occupational Safety and Health Act were not prosecuted by OSHA.").)  Just so, as currently pled, plaintiffs' complaint here again accuses the United States of engaging in malicious prosecution for issuing the same citation to the wrong entity and continuing enforcement after discovering that A&A Services was not the responsible party.  (Dkt. #1; *see*

5

*also* Def.'s Mem. Supp. Mot. Dismiss (dkt. #13) n. 1 (clarifying that defendant United States has been substituted as the sole defendant for plaintiffs' first and second claims).) Finally, plaintiffs also claim that the United States denied their rights to equal protection by continuing to enforce the citation, even after discovering that A&A Services was not responsible for the incident on November 19, 2016. (*Id.* at 15–16.)

In the end, the only arguable difference between plaintiffs' *Sopha I* and this current lawsuit, is an additional claim of defamation against the United States. (*Id.* at 13–15.) However, under the doctrine of claim preclusion "[a]nything falling within that common nucleus [of operative facts], whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case." *Daza v. Indiana*, 2 F.4th 681, 684 (7th Cir. 2021) (alteration in original). Therefore, if plaintiff *Sopha* wanted to bring a defamation claim against the United States, he could and should have pursued that claim in *Sopha I* as well. (Opinion and Order (dkt. #29) 3, in *Sopha I,* No. 20-cv-803-bbc. (W.D. Wis. Mar. 29, 2021).)

*Second*, the same parties were involved in both lawsuits. *Taylor*, 827 F.3d at 706. Indeed, after the court granted defendants' "Motion to Substitute the United States Pursuant to 28 U.S.C. § 2679," the parties in the current suit became *identical* to those in *Sopha I*.

*Third* and finally, there was a final judgment in *Sopha I. Taylor*, 827 F.3d at 706. In particular, the Seventh Circuit previously clarified that an "entry of judgment pursuant to Rules 12(b)(6) and 41(b) [] amounts to a final judgment on the merits for *res judicata* purposes." *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). In *Sopha I*, the Honorable Barbara B. Crabb granted defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #29 in *Sopha I,* No. 20-cv-803-bbc.) Plaintiffs then filed a

motion for reconsideration and asked for leave to file an amended complaint. (Dkt. #32 in *Sopha I,* No. 20-cv-803-bbc.)  However, Judge Crabb denied this motion as well, emphasizing that plaintiffs' proposed amendments still failed to state a claim for which relief could be granted.  (Dkt. #40 in *Sopha I,* No. 20-cv-803-bbc.)  Moreover, although plaintiffs could have appealed the denial of their motion for reconsideration, they apparently chose not to do so, effectively barring any future claims against the defendants in connection to the same citation that Sopha now seeks to challenge all over again in this case.  *See United States v. Rollins*, 607 F.3d 500, 501-02 (7th Cir. 2010) (clarifying the denial of a motion for reconsideration constitutes a final decision).

In their response to defendant's motion to dismiss, plaintiffs nevertheless claim they were denied a "full and fair chance to litigate this case previously" because Judge Crabb found their malicious prosecution claims to be time barred.  (Dkt. #17.)  They further claim that OSHA "reset" the statute of limitations by reposting the erroneously issued citation and press release in March 2021.  However, plaintiffs' assertion neglects to acknowledge that this incident was also addressed in *Sopha I*, with Judge Crabb being unpersuaded that "an online newsletter or other publication incorrectly identifying them as the subject of an enforcement action would support a malicious prosecution claim." (*Sopha I* dkt. #29 at 4.)  Since plaintiffs could have appealed this court's decision but did not, plaintiffs were given but failed to exercise a full and fair chance to litigate this case previously.

Plaintiffs also argue that the Federal Tort Claims Act does not immunize law enforcement officers, quoting some 79 paragraphs of *Nguyen v. United States*. 556 F.2d 1244 (11th Cir. 2009), for that proposition.  However, in that case, Dr. Nguyen was arrested and falsely accused of delivering a controlled substance.  *Id.* at 1247.  Although the charges were

7

dismissed less than two-months after his arrest, the allegations and publicity attending his arrest allegedly had a "harmful domino effect [] on his medical practice." *Id.* at 1248. Nguyen, his medical practice, and his wife, filed suit thereafter, asserting various claims against the involved sheriff and the United States, as employer of a DEA agent. *Id.* at 1250. When the case eventually came before the Eleventh Circuit, that court held the United States had properly waived its sovereign immunity under the Federal Tort Claims Act. *Id.* at 1260. However, the court's decision in *Nguyen* hinged on 28 U.S.C. § 2680(h), which is inapplicable in the present case.

Under 28 U.S.C. § 2680(h), sovereign immunity is waived for any "investigative or law enforcement officer" in "[a]ny claim arising out of…malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Further, that statute explicitly defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* In *Nguyen*, therefore, the DEA agent fell under the definition of "investigative or law enforcement officer," *Nguyen*, 556 F.2d at 1260, and the United States was found to have waived its sovereign immunity. *Id.* In contrast, plaintiffs here would sue the United States for conduct by OSHA employer Ann Grevenkamp, but she is *not* "empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law." 28 U.S.C. § 2680(h). Therefore, *Nguyen* and the sovereign immunity exception in § 2680(h) are inapplicable in the present case. Moreover, even if *Nguyen* and the sovereign immunity exception applied to Grevenkamp's actions, plaintiff Sopha's argument does not overcome the above discussion regarding claim preclusion. Thus, his claims are also barred.

ORDER

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim (dkt. #12) is GRANTED. Accordingly, the clerk of court is directed to enter final judgment and close this case.

Entered this 19th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge